IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. HUNT, SR., | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:24-cv-01555-E-BT |
| MR. COOPER GROUP INC., et al., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this removed civil action are Defendants' Motion for Judgment on the Pleadings (ECF No. 26) and numerous miscellaneous motions filed by Plaintiff: (1) Motion to Join Consumer Finance Protection Bureau (ECF No. 40); (2) Motion for Reconsideration (ECF No. 45); and (3) Motion to Join Rocket Mortgage and Varun Krishna (ECF No. 46). For the reasons discussed below, the District Judge should GRANT Defendants' motion, DENY Plaintiff's motions, and DISMISS WITH PREJUDICE Plaintiff's claims.

**Background**

Plaintiff Christopher M. Hunt, Sr., proceeding *pro se*, initiated this lawsuit against Defendants Mr. Cooper Group Inc., Jay Bray, Chris Marshall, Mike Weinbach, Kelly Doherty, Ethan Elzen, Kurt Johnson, Jay Jones, Snezhina Panova-Bakri, and Carlos M. Pelayo on April 12, 2024, by filing a "Class Action Initial Verified Complaint" in the 44th District Court of Dallas County, Texas. *See*

1

Rem. Not. Ex. B-10 (ECF No. 1-2). On June 11, Defendants filed an answer, *id.* B-107, and, later the same day, Hunt filed an Amended Verified Complaint. *Id.* B-111. In his prolix amended pleading, Hunt asserts claims for breach of contract as well as for violations of the federal Racketeer Influenced and Corrupt Organizations Act (RICO) and the Real Estate Settlement Procedures Act (RESPA). *Id.* B-111. On June 21, Defendant Mike Weinbach removed the lawsuit to federal court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. *Id.* 1. All the other Defendants consented to the removal. *See id.* Ex. C. Defendants subsequently filed their Motion for Judgment on the Pleadings, alleging that "Plaintiff brings claims that have already been litigated and fully resolved by judgment and/or settlement, and has similarly failed to even plead a cognizable claim." Mot. 10 (ECF No. 27).

More specifically, Defendants argue that Hunt—the former owner of a home in Atlanta, Georgia, that was foreclosed upon by Nationstar in 2017 (the "Property")[1]—was a member of the *Robinson* class action against Nationstar that resolved by settlement in 2020 (the "Settlement") and was consequently disbursed to class members—including Hunt—according to a points system. *See* Mot. 7; Def. Ex. 5; *Robinson v. Nationstar Mortg. LLC,* No. 8:14-cv-03667-TJS, 2020 WL 13119703 (D. Md. Aug. 19, 2020). As part of the Settlement, class members released Nationstar from claims "for statutory or regulatory violations, the Real Estate Settlement Procedures Act, . . . unfair, abusive, or deceptive act or practice

---

[1] The Property was originally scheduled for foreclosure in September 2014, but legal action by Hunt delayed the foreclosure by nearly three years. *See* Mot. 6.

2

claims, tort, contract, or other common law claims . . . and any equitable, declaratory, injunctive, or any other form of relief arising thereunder, whether or not currently known, *arising out of, based upon, or in any way related to* the Settlement Class Members' applications for loss mitigation submitted during the Class Period." Def. Ex. 15 at App. 0268 (*Robinson* Settlement Agreement) (emphasis added). The court's order approving the Settlement "in all respects" further explained that "Class Members who have not opted out of the Settlement will release Nationstar from claims 'that were or could have been asserted by the Class Representative or Class Members in connection with the submission of loss mitigation applications during the class period.'" *Robinson v. Nationstar Mortg. LLC*, No. 8:14-cv-03667-TJS, ECF No. 291 at 3–4, 7 (Order Granting Motion for Final Approval of Class Action Settlement and Final Judgment).

Over the past decade, Hunt has also initiated several other lawsuits against Nationstar regarding the Property. In 2014, he filed a lawsuit in Georgia state court asserting a breach of his mortgage from 2006 and alleging claims involving "mortgage fraud, dual tracking, breach of contract, and flawed documentation." Mot. 8; Def. Ex. 9 at App. 0100 (*Hunt v. Nationstar Mortg., LLC*, 1:14-cv-03649, ECF No. 1-1) ("*Hunt* I" or the "2014 Lawsuit"). Defendants removed the case to the Northern District of Georgia, *see* 1:14-cv-03649, ECF No. 1, and the court found that Hunt's claims were barred by the statute of limitations and dismissed his case against Nationstar with prejudice. Mot 8; *see also* 1:14-cv-03649, ECF Nos. 35 &

3

39. The Eleventh Circuit affirmed. Mot. 8; Def. Ex. 10 at App. 0155–56 (*Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938 (11th Cir. 2017)).

In 2017, Hunt filed another lawsuit in Georgia state court that was again removed to the Northern District of Georgia. *See Hunt v. Nationstar Mortg., LLC*, 1:17-cv-2294, ECF No. 1 ("*Hunt II*" or the "2017 Lawsuit"). The court dismissed his complaint without prejudice for failure to properly effectuate service, *see* 1:17-cv-2294, ECF Nos. 26 & 33, and the Eleventh Circuit affirmed, *see* Def. Ex. 11 (*Hunt v. Nationstar Mortg., LLC*, 779 F. App'x 669 (11th Cir. 2019)); 1:17-cv-2294, ECF No. 63.

And in 2020, he filed a similar action that brought claims against Nationstar, Jay Bray, and others for breach of contract and "interstate banking fraud [and] accounting fraud" regarding the Property and the mortgage. Mot. 8–9; Def. Ex. 12 at App. 0180–0181 (*Hunt v. Nationstar Mortg., LLC*, No. 1:20-cv-2359-TWT, ECF No. 1 ("*Hunt III*" or the "2020 Lawsuit")). The court dismissed with prejudice Hunt's claims as to Nationstar under *res judicata* and entered final judgment in favor of Nationstar, Mot. 9; *see* 1:20-cv-2359, ECF Nos. 82 & 92,[2] and the Eleventh Circuit denied all of Hunt's appeals and affirmed the district court's decision. Mot. 9; *see* 1:20-cv-2359, ECF No. 121.

Hunt now brings this action against Nationstar and its employees in which he asserts claims for, among other things, breach of contract and violations of the

---

[2] Defendant's Exhibit 13 is ECF No. 92's Order Adopting the Magistrate Judge's Report and Recommendation on Westlaw.

federal RICO statute and RESPA. Rem. Not. Ex. B-111. Hunt seeks $2,000,000 in damages, title to the Property, a mortgage lien waiver, a credit bureau and reputational correction facilitated by Nationstar, and an order directing the Texas Attorney General to "audit and investigate all charges." *Id.* at B-128.

Defendants ask the Court to enter a judgment on the pleadings in their favor because Hunt brings claims that have already been litigated and fully resolved by judgment and/or settlement, and he has failed to plead a cognizable claim for relief. Mot. 6.

## Legal Standard

A motion for judgment on the pleadings under Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (internal citations omitted). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010).

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). To survive a Rule 12(c) motion for judgment on the pleadings, therefore, a plaintiff's complaint must contain enough factual matter to

state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

## Analysis

Defendants argue that they are entitled to judgment on the pleadings because (1) "Plaintiff's claims are barred by the prior class action Settlement to which Plaintiff was a party, and under the doctrine of res judicata pursuant to the judgments entered in the Prior Actions" in Georgia, and (2) "Plaintiff's claims

6

independently fail as a matter of law because they do not establish Plaintiff is entitled to relief." Mot. 11.

    1. <u>Hunt's Claims are Barred by the *Robinson* Settlement and *Res Judicata*.</u>

As an initial matter, the Court takes judicial notice of the *Robinson* Settlement and Hunt's previous lawsuit filings as "matters of public records from [] prior proceeding[s]." *Couch v. Altisource Online Auction, Inc.*, 2024 WL 3864613, at *3 (N.D. Tex. Aug. 19, 2024); *see also Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 212–13 (N.D. Tex. Sept. 30, 2020) (taking judicial notice of "filings, orders, and judgments from [plaintiff's] previous lawsuits" because they are "matters of public record and their contents cannot reasonably be disputed") (citation omitted).

It is undisputed that Hunt was a party to the Settlement. *See* Pet. 5 (ECF No. 1-2) ("Homeowner is a winning member #FF64929439 of class action lawsuit against Nationstar . . . [that] started 2014 [and] settled 2019[.]"). It is also clear that the Settlement provided for all class members to release Nationstar from "claims for statutory or regulatory violations, the Real Estate Settlement Procedures Act, . . . unfair, abusive, or deceptive act or practice claims, tort, contract, or other common law claims . . . and any equitable, declaratory, injunctive, or any other form of relief arising thereunder, whether or not currently known, *arising out of, based upon or in any way related to* the Settlement Class Members' applications for loss mitigation submitted during the Class Period." Def. Ex. 15 at App. 0248–0326 (*Robinson* Settlement Agreement). Thus, Hunt cannot

7

recover on the claims asserted in this lawsuit—which include allegations of breach of contract, RICO violations, RESPA violations, fraud, and miscellaneous white collar crimes all relating to the mortgage and foreclosure on his property—because they were released by the Settlement terms.

Hunt's claims are also barred by *res judicata*, which ensures that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised" in a prior action. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (internal citation and quotation marks omitted). For a claim to be barred by *res judicata*, four elements must be met: "(1) the parties are identical or in privity" with the parties in the first lawsuit; "(2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Sacks v. Texas S. Univ.*, 83 F.4th 340, 344 (5th Cir. 2023) (internal quotation omitted), *cert. denied*, 144 S. Ct. 2520, 219 L. Ed. 2d 1200 (2024). All four elements are met here.

First, the parties are in privity with the parties in the first lawsuit. Privity occurs "(1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Id.* at 346 (citation omitted). Hunt's three prior lawsuits asserted claims against Nationstar. While Hunt's present suit against Nationstar also includes claims

8

against various corporate officers, these officers are in privity with Nationstar because their interests were adequately represented by Nationstar in the earlier lawsuits. *See Henco Energy-Rick Hendrix Energy, LLC v. Power Rental Sols., LLC*, 2024 WL 691369, at *5 (S.D. Tex. Feb. 20, 2024) ("Generally, there is a finding of privity for res judicata purposes between officers of a company and the company itself.") (collecting cases).

The remaining elements of res judicata are also satisfied. The Northern District of Georgia dismissed with prejudice Hunt's other lawsuits that involved the same Property, the same mortgage, and the same claims relating to Defendants' servicing of and foreclosure on the loan, and the final judgments issued were on the merits. *See Hunt III*, 1:20-cv-2359 ECF No. 82 at 17 & 23, 2021 WL 456626, at *7, 9 (explaining that multiple of Hunt's prior cases were dismissed with prejudice, which operates as an adjudication on the merits, and dismissing his current case with prejudice). Hunt's Response states that "the Georgia cases are long from over without a final ruling," Resp. 7, but this assertion is incorrect. The Northern District of Georgia is "a court of competent jurisdiction," and Hunt has not offered any valid argument that the court lacked jurisdiction to decide the cases before it. To the extent that the "claims" brought by Hunt in the prior lawsuits and present lawsuit differ, the allegations supporting such claims are the same and thus could have been asserted in the prior lawsuits. *See Williams v. Capital Fund I, LLC*, 2024 WL 5274646, at *2 (S.D. Tex. Nov. 15, 2024) ("Res judicata also

9

precludes a second action on claims that arise out of the same subject matter and which might have been litigated in the first suit") (internal citation omitted).

Accordingly, Hunt's claims are also barred by *res judicata*.

2. Failure to State a Legally Cognizable Claim

Defendants alternatively argue that Hunt fails to state a legally cognizable claim and thus judgment on the pleadings is warranted.

As to Hunt's breach of contract claim, Hunt merely alleges that Defendants breached a contract but does not identify the alleged contract or contractual provision at issue, which is fatal to a breach of contract claim. *See* Pet. 1, 7; *Robinson v. Wells Fargo Bank N.A.*, 2020 WL 7010043, at \*2 (N.D. Tex. Oct. 15, 2020) (dismissing with prejudice plaintiff's breach of contract claim when plaintiff fails to point to a specific contractual provision breached by defendant), *adopted by*, 2021 WL 77778 (N.D. Tex. Jan. 7, 2021); *Ladjevardian v. TD Ameritrade, Inc.*, 2013 WL 6709051 (S.D. Tex. Dec. 18, 2013) (concluding that plaintiff failed to state a claim for breach of contract when "Plaintiff's Amended Complaint does not have attached to it and does not incorporate by reference any contract between the parties, nor does it describe how Defendant allegedly breached any specific provision of a contract").

Similarly, Hunt's claim arising under RESPA is also deficient because he merely vaguely mentions that Defendants violated the statute without identifying any particular section or any specific facts supporting his claim. *See Val-Com Acquisitions Tr. V. Chase Home Fin., LLC*, 2010 WL 11619468, at \*3 (N.D. Tex.

Dec. 3, 2010) (finding plaintiffs' RESPA claim "deficient because [they] have failed to allege any specific facts suggesting that their claim is plausible under RESPA [and] have failed to specifically invoke any particular section of RESPA"), *aff'd sub nom.*, 428 F. App'x 364 (5th Cir. 2011).

Hunt's RICO claim suffers the same deficiency. A plaintiff is permitted to bring a civil RICO claim when they suffer an injury because of a defendant's RICO violation if they properly allege "1) the conduct; 2) of an enterprise; 3) through a pattern; 4) of racketeering activity." *Zucker v. Farish*, 2018 WL 6570867, at *3 (N.D. Tex. Dec. 12, 2018) (citing *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989)). But here, Hunt has not alleged any facts sufficient to state a viable RICO claim—he merely alleges that Nationstar "corporate officers have orchestrated illegal mortgage schemes." Pet. 3; *see, e.g.*, *Gutierrez v. Venegas*, 2021 WL 9314946, at *8–9 (finding plaintiffs' RICO conspiracy claim "inadequately pled because the complaint contains no factual details regarding [defendant's] knowledge of or assistance in the substantive offense," and "such deficiency of detail is fatal to a RICO conspiracy claim").

Hunt lastly alleges a generic fraud claim, *see* Pet. 1, but he fails to satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b) that requires him "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177–78 (5th Cir. 1997).

The Court thus recommends that the District Judge GRANT Defendants' Motion for Judgment on the Pleadings and DISMISS WITH PREJUDICE Plaintiff's claims.

**Hunt's Motions**

Hunt has also filed several miscellaneous motions, including two motions to join requesting that the Consumer Finance Protection Bureau (CFPB) and "Rocket Mortgage and CEO Varun Krishna" be added to this lawsuit because they are "Mandated Joinder Parties," First Mot. Join 5 (ECF No. 40); *see* Second Mot. Join 6 (ECF No. 46). And after the Court admonished Hunt for the second time for inappropriately using the Court's emergency filing procedures and consequently struck from the record his filings submitted via the Clerk's emergency email account, *see* Order (ECF No. 44), Hunt filed a Motion for Reconsideration asking the Court to "unstrike the stricken filings." Mot. 6 (ECF No. 45).

The Court liberally construes[3] Hunt's requests to Join the CFPB and Rocket Mortgage and Varun Krishna as motions brought under Rule 19, which "outlines the circumstances under which joinder of parties is appropriate." *Vitatoe v. Kipp, Inc.*, 2025 WL 1688108, at *7 (S.D. Tex. May 28, 2025), *adopted by*, 2025 WL 1685241 (S.D. Tex. June 16, 2025). Rule 19(a) provides that a party should be joined, if feasible, when "(A) in that person's absence, the court cannot accord

---

[3] Courts must liberally construe the pleadings of a *pro se* party. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers").

12

complete relief among existing parties" or " (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impeded the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). Thus, "Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). But here, any relief owed to Hunt in this case can be provided without the addition of the requested parties. Thus, the District Judge should DENY Hunt's motions to join additional parties. *See, e.g.*, *Vitatoe*, 2025 WL 1688108, at *8 (denying plaintiff's motion because "[t]he Court finds that if Plaintiff is entitled to relief in this case, complete relief can be provided without [the requested] 124 individuals and entities"); *Thunderhorse v. Collier*, 2024 WL 4893953, at *8 (S.D. Tex. Nov. 26, 2024) (denying Rule 19 motion when "[a]ll of [plaintiff's] other claims have been dismissed, and his statements in his motion for joinder provide no indication that the addition of either [requested party] would alter the Court's conclusion that he has failed to state a claim upon which relief can be granted").

Regarding Hunt's Motion for Reconsideration, Hunt's sole argument is that "[t]he ECF Filing System has Unique Software Defects Incompatible IOiPad 18.4 that No Other Known Court has – cannot file and cannot save PDF filings from

13

ECF system [sic]." *Id.* 5. But Hunt has repeatedly ignored the Court's instructions that the Court's emergency filing procedures are only appropriate when a party is "in danger of missing a filing due to a system outage or ha[s] a bona fide emergency that requires judicial review during non-business hours." *See* First Order Striking 1 (directing Plaintiff to https://www.txnd.uscourts.gov/emergency-filing-procedures). Thus, the District Judge should DENY Plaintiff's Motion for Reconsideration.

## Recommendation

The District Judge should GRANT Defendants' Motion for Judgment on the Pleadings (ECF No. 26), DISMISS WITH PREJUDICE Plaintiff's claims, and DENY Plaintiff's other pending motions (ECF Nos. 40, 45, 46).

**SO RECOMMENDED.**

July 30, 2025.

                                          REBECCA RUTHERFORD
                                          UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).